UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GERMAN,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-05605-DAD-CKD (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS COPURS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAIING ORDER AND MOTION FOR APPPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1,2, 3)

On July 20, 2026, *pro se* petitioner Jose German,[1] filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his immigration detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order ("TRO") requesting a bond hearing or his immediate release. (Doc. No. 2.) Petitioner also filed a motion for appointment of counsel. (Doc. No. 3.) On July 21, 2026, the court set a briefing schedule on petitioner's motion for a TRO and directed respondent to address whether any provision of law or fact in this case would distinguish it from

[1] The caption on CM/ECF lists petitioner's last name as Germon, but the documents filed by the parties show that petitioner's last name is spelled German. Accordingly, the Clerk of Court will be directed to change the spelling of petitioner's name to match how it appears in the caption of this order.

the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying *habeas* petition based upon the current briefing as well as to provide substantive reasons in support of his position in this regard to his opposition. (*Id.*)

On July 23, 2026, respondent filed an opposition to petitioner's motion for a TRO. (Doc. No. 7.) Respondent requests this court rule on petitioner’s *habeas* petition at this time without further briefing and the court will do so. (*Id.* at 2.) For the following reasons, the court will grant petitioner’s *habeas* petition and order his immediate release.

In respondent’s two-page opposition brief, respondent preserves its position that petitioner is being detained pursuant to 28 U.S.C. § 1225(b). This is an argument that the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Based upon a review of the parties’ filings, the court finds the following facts. Petitioner is a native and citizen of Dominican Republic. (Doc. No. 2 at 2.) In April 2024, petitioner states he entered the United States, was interviewed by immigration authorities, and released. (*Id.*) On June 24, 2026, petitioner was involved in a car accident in Pennsylvania. (Doc. No. 7-1 at 2.) When law enforcement arrived at the scene, it is alleged that petitioner fled on foot but was apprehended and then placed into ICE custody where he currently remains. (*Id.*)

In light of the finding that petitioner was previously encountered by immigration authorities and released by those authorities, the court incorporates its reasoning in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), in which the court concluded that the petitioner’s detention without a pre-deprivation hearing following a prior release violated due process rights. Accordingly, the court concludes that petitioner’s detention in these circumstances similarly violated his due process rights. Respondent argues that, if the court finds that 8 U.S.C. § 1226(a) applies to petitioner’s detention, then the court should only order a bond hearing as a remedy. (Doc. No. 7 at 2.) Respondent offers no argument as to why this remedy would be adequate and

appropriate. Moreover, respondent fails to distinguish this court's reasoning set forth in *Cajina*, as the court had ordered respondent to so do (Doc. No. 5), to explain why the remedy of immediate release ordered in that case should not be ordered in this matter as well. Accordingly, the court will grant petitioner's *habeas* petition and order his immediate release.

For the reasons stated above,

1. The Clerk of Court is directed to update the docket to reflect the petitioner's name as Jose German;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner, Jose German, A # 245-933-482, from respondent's custody under the same conditions, if any, he was subject to prior to his detention on or about June 24, 2026,
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;
3. Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion for appointment of counsel (Doc. No. 3) are DENIED as having been rendered moot by this order granting him habeas relief;
4. The Clerk of the Court is directed to serve the warden of the Golden State Annex with a copy of this order; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE